## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **YASIR SALEEM GAINEY,** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 23-2340 |
| | : | |
| **FAMILY COURT OF PHILADELPHIA,** | : | |
| Defendant. | : | |

## MEMORANDUM

**MURPHY, J.**                                                                                                                                                      August 3, 2023

      Plaintiff Yasir Saleem Gainey, a self-represented litigant, filed this civil action against the Domestic Relations Division of the Family Court of Philadelphia (Family Court). He seeks leave to proceed *in forma pauperis*. For the following reasons, we grant Mr. Gainey leave to proceed *in forma pauperis* and dismiss his complaint with prejudice because it is legally frivolous.

**I.**     **Factual Allegations**

      Mr. Gainey's complaint is sparse. He alleges that on November 22, 2022, the Family Court issued a child support order against him, garnished his wages, and issued a warrant for his arrest. DI 2 at 3.[1] Although unclear, Mr. Gainey appears to challenge these acts by the Family Court. He brings this civil action, purportedly pursuant our federal question jurisdiction, to "command for Family Court of Phila to produce for the record the Legislative Act that created your Authority to enforce law and policy over my dejure . . . as required by law, per Article III, section I of U.S. Republic Constitution." *Id.* at 2. As relief, the complaint refers to an attached "Quo Warranto." *Id.* at 4.

---

[1] We adopt the pagination supplied by the CM/ECF docketing system.

Mr. Gainey attached three documents to his complaint. The first, a document titled "Notice to be Treated as Surety," directs us to "treat [him] as Surety under the law of subrogation." *Id.* at 6. The second, a document titled "Mandatory Judicial Notice," directs us to take judicial notice of the "legal definition of Subrogation." *Id.* at 7. The third document is titled "Writ of Quo Warranto," contains legal jargon that purports to define Mr. Gainey as "a constitutionally defined and protected de jure non-statutory Private American National," and directs the Family Court to "produce for the record, the Legislative Act that created your Authority to enforce the law and policy over my dejure . . . ." *Id.* at 8-9.

## II.     Standard of Review

We grant Mr. Gainey leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires us to dismiss the complaint if it is frivolous. A complaint is frivolous under § 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). As Mr. Gainey is proceeding pro se, we construe his allegations liberally. *Vogt v. Wetzel*, 8 F. 4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.    Analysis

"A federal quo warranto action has historically been available only in connection with proceedings over an individual's right to hold an office or position." *Hunter v. Weber*, 2022 WL 2819021, at *1 (W.D. Pa. July 19, 2022); *see also Banks v. President United States*, 858 F. App'x 490, 491 n.1 (3d Cir. 2021) (per curiam) ("Quo warranto is a common-law writ used to inquire into the authority by which a public office is held or a franchise is claimed." (cleaned

up)). Indeed, "federal courts have no general quo warranto jurisdiction." *Hill v. Mastriano*, 2022 WL 16707073, at *2 (3d Cir. Nov. 4, 2022) (per curiam). Furthermore, "[q]uo warranto is traditionally brought by the sovereign or a representative of the sovereign." *U.S. ex rel. Cummings v. FitzSimon*, 337 F. App'x 143, 144 n.1 (3d Cir. 2009) (per curiam). There is simply no legal basis for Mr. Gainey's apparent request for a writ of quo warranto against the Family Court based on actions it took against him in a legal proceeding. *See Hunter*, 2022 WL 2819021, at *1 ("The focus of a quo warranto action — like an injunction — is preventing a continued exercise of authority unlawfully asserted, not to a correct what already has been done under it or to vindicate private rights."). Rather, Mr. Gainey's complaint appears predicated on legal fictions often espoused by sovereign citizens that do not support a legal claim. *See, e.g.*, *Banks v. Florida*, 2019 WL 7546620, at *1 (M.D. Fla. Dec. 17, 2019) (collecting cases and stating that legal theories espoused by sovereign citizens have been consistently rejected as "utterly frivolous, patently ludicrous, and a waste of . . . the court's time, which is being paid by hard-earned tax dollars" (internal quotation marks omitted)), *report and recommendation adopted*, 2020 WL 108983 (M.D. Fla. Jan. 9, 2020); *Fleming v. Marsh*, 2019 WL 5693381, at *1 n.1 (E.D. Pa. Nov. 1, 2019) (rejecting arguments that petitioner was a private citizen who never offered himself "as a surety" to the Court of Common Pleas); *United States v. Wunder*, 2019 WL 2928842, at *5 (D.N.J. July 8, 2019) (discussing the futility of the sovereign citizen verbiage in collection claim for a student loan and citing cases rejecting use of sovereign citizen arguments).

To the extent Mr. Gainey's complaint can be liberally construed to assert constitutional violations under 42 U.S.C. § 1983 in connection with the Family Court proceeding, his claims still lack a legal basis because the Family Court, as part of Pennsylvania's Unified Judicial System, is an arm of the Commonwealth of Pennsylvania that is not considered a "person" subject to liability under § 1983 because it shares in the Commonwealth's Eleventh Amendment

immunity.  *See Benn v. First Jud. Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005) (state courts in Pennsylvania share in the commonwealth's Eleventh Amendment immunity); *see also Parker v. Lehigh Cty. Domestic Rel. Court*, 621 F. App'x 125, 128 (3d Cir. 2015) (per curiam) ("As [Eleventh Amendment] immunity extends to the component districts of Pennsylvania's unified judicial system, it shields the Family Court from . . . suit."); *Smith v. Delaware*, 624 F. App'x 788, 791 (3d Cir. 2015) (per curiam) (concluding that district court correctly dismissed complaint as frivolous, including on Eleventh Amendment grounds).  In sum, we cannot discern any legal basis for a federal claim presented by Mr. Gainey's complaint.

## IV.     Conclusion

For the foregoing reasons, we grant Mr. Gainey leave to proceed *in forma pauperis* and dismiss his complaint as legally frivolous.  Mr. Gainey will not be granted leave to amend because amendment would be futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).  An appropriate Order follows, which dismisses this case, and which shall be docketed separately.